sudden quarrel grew up between them, and that they drew their weapons and fought, and one killed the other, then such killing would be voluntary manslaughter and not murder.

"If you believe from the evidence that there was an agreement between these parties, Charles Trice and Zack Trice, to fight—a mutual agreement to fight, or if you believe that there was a mutual intent to fight between them, and upon a sudden quarrel that both of them drew their weapons for the purpose of engaging in a mutual combat, and if you believe that C. T. Trice, under the circumstances, killed Z. T. Trice, then the offence would be neither murder nor justifiable homicide, but voluntary manslaughter.

"If they had ill feeling toward each other, if they met, and there was a sudden cause of quarrel between them, and they engaged in a mutual combat or mutual fight, and both drew their weapons for the purpose of engaging in the fight at the time, although Zack Trice may have been advancing on Charles Trice with a weapon at the time, it would not be justifiable homicide, nor would it be murder, but voluntary manslaughter."

There is also a ground alleging error in failing to charge the law of involuntary manslaughter.

HALL & HAMMOND, STEWART & DANIEL and J. F. REDDING, for plaintiff in error.

J. II. TURNER, solicitor-general, by HARRISON & PEEPLES, J. S. POPE and J. J. ROGERS, *contra.*

---

## THARPE *v.* THE STATE.

An indictment charging the accused with unlawfully selling alcoholic liquors, spirituous liquors, malt liquors and intoxicating bitters, is supported by evidence that he sold to a woman two drinks of liquor from a bottle which he carried in a carpet-bag and that she drank the liquor and it made her drunk, this evi-

dence being sufficient to show that the liquor was intoxicating, and therefore within the description of liquors covered by the indictment.　　　　　　　　　　　　*Judgment affirmed.*
August 1, 1892.

Criminal law. Liquor-selling. Before Judge MILLER. Houston superior court. October term, 1891.

Tharpe was convicted in the county court upon an indictment charging him with selling spirituous, alcoholic, and malt liquors and intoxicating bitters in Houston county on August 2, 1890. He took the cause by *certiorari* to the superior court, alleging that the conviction was erroneous upon the mere proof that he sold liquor without more. The evidence was, that in August, 1890, in Houston county, in an outhouse there was a frolic, and Betsy Bell bought three drinks of liquor from Sarah Matthews, and afterwards bought two drinks from defendant, paying him ten cents for the same. Defendant had the liquor in a bottle in a grip-sack. Defendant and Betsey were in a lighted room, and defendant proposed to sell her some liquor, and she followed him into the adjoining room and bought two drinks of liquor from him. The liquor made her drunk. Her husband went to defendant that night and told him not to sell his wife any more liquor, and defendant said he had not sold her any and would not sell her any more. In his statement the defendant said that he did not sell any liquor at the time mentioned, and never sold any in Houston county; and that he never had any liquor there that night.

C. C. DUNCAN, by brief, for plaintiff in error.
W. H. FELTON, JR. solicitor-general, *contra*.

---

SCOTT, administrator, *v.* CAUSEY.

A conveyance of land made in 1849 by a father to his married daughter and her husband, in consideration of love and affection for both of them and a nominal money consideration of five dol-